BC

FILED 5/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
TDD

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY J. HALPERN,<br><br>           Plaintiff,<br><br>v.<br><br>CHIQUITA BROOKS-LASURE, SAMANTHA POWER, GOLI SHEIKHOLESLAMI, XAVIER BECERRA, LLOYD J. AUSTIN III, ROBERT M. CALIFF, MIGUEL CARDONA, DENISE CARTER, KILOLO KIJAKAZI, MARTIN J. O'MALLEY, CAROLYN COLVIN, GEORGE SOROS, BILL GATES, DOES 1-100, AND OTHER NAMED DEFENDANTS IN THEIR PERSONAL CAPACITIES,<br><br>           Defendants. | Civil No.: 1:25-cv-03637 |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

Plaintiff Gregory Halpern respectfully submits this Reply to Defendant Goli Sheikholeslami's Opposition (ECF No. 24), which fails to rebut the key point: **Defendant's domicile at the time of removal remains a contested material fact**, and jurisdictional discovery is both warranted and routine in such circumstances.

I. DEFENDANT'S OPPOSITION RESTS ON CONCLUSORY ASSERTIONS, NOT COMPETENT EVIDENCE

Sheikholeslami relies heavily on her own self-description of being "domiciled in Virginia"

- 1 -

without offering **any admissible evidence** to prove her intent to remain there indefinitely. Domicile is not established by lawyerly declarations alone. It is a **fact-driven inquiry** that considers physical presence and intent—both of which remain open to dispute given:

- Her long-standing and high-profile roles in Illinois institutions (e.g., Chicago Public Media and Crain Communications);
- Her previous leadership in taxpayer-funded organizations based in Illinois during the time period relevant to this suit;
- Ongoing, publicly documented affiliations with Illinois-based political and media operations.

The Opposition dismisses all of this as "old," yet **refuses to supply a single piece of recent, verifiable evidence** showing where she actually resides, pays taxes, votes, or maintains property. In short: they seek to have it both ways—invoke diversity jurisdiction, yet shield themselves from discovery into its factual basis.

## II. PLAINTIFF IS ENTITLED TO DISCOVERY UNDER WELL-SETTLED LAW

Federal courts in the Seventh Circuit routinely allow jurisdictional discovery when the facts surrounding subject-matter jurisdiction are in dispute. See *WorkForce Software, LLC v. WorkForce, Inc.*, No. 20-CV-4371, 2021 WL 4963608, at *6 (N.D. Ill. Oct. 26, 2021) (permitting discovery where defendant's domicile was unclear). That is precisely the case here.

To be clear, Plaintiff is not demanding sweeping discovery—only **limited, targeted discovery** into Defendant's domicile at the time of removal. This may include basic documents such as:

- Voter registration records;
- Driver's license or ID issuance;
- Property ownership or rental agreements;
- Tax filings indicating principal residence.

## III. SERVICE LOCATION ≠ DOMICILE

The Opposition misleadingly argues that because Plaintiff served Defendant in Virginia, this somehow confirms her domicile. That is **legally incorrect**. Service location is not dispositive of domicile and courts have repeatedly rejected such logic. See *Moss v. Infinity Insurance Co.*, 2015 WL 13547634 (N.D. Ala. June 22, 2015) (noting that where a person is served does not establish domicile).

## IV. FEDERAL QUESTION JURISDICTION DOES NOT EXCUSE FRAUDULENT OR CONTESTED DIVERSITY CLAIMS

While Defendant asserts that federal question jurisdiction independently supports removal, **diversity jurisdiction was affirmatively pled in their Notice of Removal** and remains a live issue for the Court to evaluate. Defendant cannot raise jurisdictional grounds, then seek to shield those claims from scrutiny once challenged.

If removal was improper under either basis, the Court retains discretion to remand.

## CONCLUSION

The record plainly shows factual ambiguity regarding Defendant's domicile at the time of

removal. Plaintiff has met the low threshold for jurisdictional discovery and respectfully requests that the Court grant leave to serve narrowly tailored discovery requests limited to the issue of Defendant Goli Sheikholeslami's citizenship for diversity purposes.

Absent discovery, Plaintiff will be denied a fair opportunity to challenge the removal's factual basis—contrary to due process and the removal statute's strict construction against federal jurisdiction.

Respectfully submitted,


Dated: May 6, 2025

_____
GREGORY J. HALPERN, Pro Se
11008 MORNING DOVE LANE
SPRING GROVE, ILLINOIS 60081
EMAIL: GREGHALPERN1@PROTON.ME
PHONE: (847)565-9732
FAX: (815)604-8075

# CERTIFICATE OF SERVICE

Pursuant to LR 5.5, I hereby certify that on May 6, 2025, I caused copies of the foregoing Plaintiff's Consolidated Supplemental Reply (1) In Support of Motion to Remand for Lack of Subject Matter Jurisdiction (Removal Void Ab Initio), and (2) In Support of Motion to Strike and Motion for Sanctions Under Rule 11, **together with all accompanying filings and documents**, to be served on Defendant through her attorneys, by U.S. mail in accordance with Fed. R. Civ. P. 5(b) and by e-mail at the addresses below:

**BALLARD SPAHR LLP**
By: *s/ Chad R. Bowman*
Chad R. Bowman
1909 K Street NW, 12th Floor Washington, D.C. 20006
Tel: (202) 508-1120
Fax: (202) 661-2299
bowmanc@ballardspahr.com

Isabella Salomão Nascimento
2000 IDS Center, 80 South 8th Street Minneapolis, MN 55402
Tel: (612) 371-3281
Fax: (612) 371-3207
salomaonascimentoi@ballardspahr.com

**BRYAN CAVE LEIGHTON PAISNER LLP**
Brian A. Sher Steven G. Trubac
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
brian.sher@bclplaw.com steve.trubac@bclplaw.com

_____
Gregory J. Halpern