IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY HALPERN, <br><br> Plaintiff, <br><br> v. <br><br> CHIQUITA BROOKS-LASURE, *et al.*, <br><br> Defendants. | Civil No.: 1:25-cv-03637 <br> Judge: Hon. Jeffrey I. Cummings <br> Magistrate: Hon. Young B. Kim |

**DEFENDANT GOLI SHEIKHOLESLAMI'S OPPOSITION TO
PLAINTIFF'S SUPPLEMENTAL MOTION TO REMAND FOR
LACK OF UNANIMITY AND PROCEDURAL DEFECT**

Defendant Goli Sheikholeslami ("Sheikholeslami"), by and through counsel, hereby opposes Plaintiff Gregory J. Halpern's ("Halpern") Supplemental Motion to Remand for Lack of Unanimity and Procedural Defect (ECF No. 31) for several reasons. *First*, Halpern's Supplemental Motion is untimely. Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on alleged procedural defects must be made within 30 days of the notice of removal. Here, the notice of removal was filed on April 4, 2025, so the 30-day deadline expired on May 5, 2025. ECF No. 1. The Supplemental Motion should be denied for this reason alone. *Second*, to the extent the Court instead construes Halpern's filing as supplemental briefing on his fully briefed and pending motion to remand, *see* ECF Nos. 9 (motion), 15 (response), 18 (reply), it is an improper supplemental reply, which the Court should disregard. *Third*, and in any event, Halpern does not raise any new arguments in his supplemental brief, and thus, it fails for the same reasons that Halpern's original motion to remand fails. That is, Sheikholeslami properly removed this case to federal court because (a) the Court has undisputed federal question jurisdiction based on the face of the Complaint, (b) the Court also has diversity jurisdiction, and

(c) Sheikholeslami did not need the consent of any co-defendant to remove because, at the time of removal, none had been "properly joined and served" under Illinois law. *See* 28 U.S.C. § 1446(b)(2)(A); ECF No. 15 at 3-5, n.2. The exhibits appended to Halpern's supplemental motion and to his recent motions for entry of default merely underscore that conclusion. *See* ECF No. 31, Ex. B; *see also* ECF No. 28, 30, 32, 33.

For the foregoing reasons, Sheikholeslami respectfully requests that the Court deny Halpern's Supplemental Motion to Remand for Lack of Unanimity and Procedural Defect.

Dated: July 14, 2025

Respectfully submitted,

**BALLARD SPAHR LLP**

By: *s/ Chad R. Bowman*
Chad R. Bowman
1909 K Street NW, 12th Floor
Washington, D.C. 20006
Tel: (202) 508-1120
Fax: (202) 661-2299
bowmanc@ballardspahr.com

Isabella Salomão Nascimento
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Tel: (612) 371-3281
Fax: (612) 371-3207
salomaonascimentoi@ballardspahr.com

**BRYAN CAVE LEIGHTON PAISNER LLP**

Brian A. Sher
Steven G. Trubac
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: (312) 602-5000
Fax: (312) 602-5050
brian.sher@bclplaw.com
steve.trubac@bclplaw.com

*Attorneys for Defendant Goli Sheikholeslami*

**CERTIFICATE OF SERVICE**

  Pursuant to LR 5.5, I hereby certify that on July 14, 2025, I caused true and correct copies of the foregoing Opposition to Plaintiff's Supplemental Motion to Remand for Lack of Unanimity and Procedural Defect to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all parties of record in the case.

            /s/*Chad R. Bowman*
            Chad R. Bowman