**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY J. HALPERN,<br><br>Plaintiff,<br><br>vs.<br><br>CHIQUITA BROOKS-LASURE, SAMANTHA POWER, GOLI SHEIKHOLESLAMI, XAVIER BECERRA, LLOYD J. AUSTIN III, ROBERT M. CALIFF, MIGUEL CARDONA, DENISE CARTER, KILOLO KIJAKAZI, MARTIN J. O'MALLEY, CAROLYN COLVIN, GEORGE SOROS, BILL GATES, DOES-100, AND OTHER NAMED DEFENDANTS IN THEIR PERSONAL CAPACITIES,<br><br>Defendants. | ) | Case No. 25-cv-03637 |

**DEFENDANT BILL GATES' MEMORANDUM OF LAW IN SUPPORT OF HIS <u>MOTION TO QUASH SERVICE OF PROCESS</u>**

Defendant Bill Gates, by and through undersigned counsel, submits this Memorandum in Support of his Motion to Quash Service of Process pursuant to Rules 12(b)(5) and 4(e) of the Federal Rules of Civil Procedure, and in support of his Motion, states as follows[1]:

**BACKGROUND OF PURPORTED SERVICE**

[1] Undersigned counsel enters an appearance and files this Motion on behalf of Defendant for the limited purpose of quashing the purported service of process. Defendant does not consent to the jurisdiction of the Court and does not waive his right to object to the Court's jurisdiction. *See Shaw v. Otto*, No. 22-cv-0439, 2023 WL 7629751, at *6 (N.D. Ill. Nov. 14, 2023) ("it is well-established that filing an appearance does not waive the right to challenge personal jurisdiction, where, as here, 'defendants comply with the rules by raising their defenses in their first responsive pleading . . . .'") (citing *Swanson v. City of Hammond, Ind.*, 411 Fed. Appx. 913, 915 (7th Cir. 2011)).

On March 11, 2025, Plaintiff Gregory Halpern ("Plaintiff"), through his process server EFile Expert LLC ("Process Server"), supposedly delivered a Summons and Complaint to 500 Fifth Ave. N., Seattle, Washington 98109. This is the address for the Gates Foundation, a not-for-profit charitable organization. The Complaint delivered by the Process Server, however, names Mr. Gates as a Defendant in his personal capacity. The Gates Foundation is not a party to the matter. Further, the address of the Gates Foundation is not Defendant's house or usual abode. Furthermore, neither the Declaration of Diligence nor the Affidavit of Reasonable Diligence prepared by the Process Server indicate that Mr. Gates was present or in the Process Server's vicinity when the documents were left.

Instead, Katja Ellertson, a Senior Paralegal at the Gates Foundation, met with the Process Server because she is authorized to accept documents on behalf of the Gates Foundation. Ms. Ellertson reviewed the documents and recognized that the Gates Foundation was not identified on the Summons or the Complaint, but rather that they were directed to Mr. Gates individually. Ms. Ellertson informed the Process Server that she could not accept the documents because the Gates Foundation was not a named party. *See* Affidavit (attached hereto as Exhibit 1) at ¶¶ 7-8; *see also* Doc. 9, Declaration of Diligence, filed by Plaintiff in this matter (and attached hereto as Exhibit 2), at p. 281. But the Process Server refused to take the documents back and advised that she was leaving the documents anyway, notwithstanding the fact that Mr. Gates was apparently nowhere in the vicinity of Ms. Ellertson or the Process Server. *Id.* The Process Server then, under oath, falsely asserted that service was effectuated. *See* Exhibit A to Plaintiff's Motion for Entry of Default Against Bill Gates, Doc. 33, at p. 5 (and attached hereto as Exhibit 3).

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 4(e), service is made on an individual by either following state law for serving a summons in the state where the district court is located or where service is made, delivering a copy of the summons and of the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e). Notwithstanding Plaintiff's Motion for Default, Plaintiff has not effectuated service of process on Mr. Gates.

Under Illinois law, service on an individual must be made either "(1) by leaving a copy of the summons with the defendant personally, [or] (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode." 735 ILCS 5/2–203(a). Similarly, under Washington law, the state in which process was purportedly served on Mr. Gates, service on an individual must be made either "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." WASH. REV. CODE § 4.28.080 (16).

There can be no dispute that Mr. Gates was not served personally, nor was service made in compliance with either Illinois or Washington law. Simply leaving process at the business address of a foundation that bears a defendant's name is not proper. *See, e.g., Webster Dictionary Corp. v. Ginzburg*, 70 F.R.D. 412, 413 (N.D. Ill. 1975) ("[w]here an individual is sued as an individual and

also in the name under which he is doing business, service of process on the business office does not confer jurisdiction over the defendant.")

Further, while Rule 4(e) allows for service of process by delivery to an agent, that agent must be "authorized by appointment or law to receive service of process." An attorney may be an authorized agent, but "[i]n order for service on an attorney to constitute proper service on a party, the attorney must be specifically authorized by the defendant to perform that particular task." *See Trs. of Chicago Reg'l Council of Carpenters Pension Fund v. Conforti Constr. Co., Inc.*, No. 09 C 322, 2013 WL 3771415, at *2 (N.D. Ill. July 17, 2013) (citing *Guess ?, Inc. v. Chang*, 163 F.R.D. 505, 507-08 (N.D. Ill. 1995)); s*ee also McCoy v. Biomat USA, Inc.*, No. 1:23-cv-02282-JMS-MKK, 2024 WL 3594627, at *2 (S.D. Ind. July 31, 2024) ("courts in the Seventh Circuit have held that for an attorney to be considered an agent for service of process, the attorney must have been appointed for that precise task.").

Here, Ms. Ellertson is not an attorney, but rather a Senior Paralegal. *See* Exhibit 1 at ¶ 2. While she is authorized to accept service on the Gates Foundation, Ms. Ellertson is not authorized to accept service of process directed at the individual, Mr. Gates. *Id.* at ¶¶ 4, 6. Accordingly, Ms. Ellertson is not an agent authorized by appointment or by law to receive service of process on behalf of Defendant, and the attempted service is defective. Defendant has not been served personally, nor has service been properly attempted as required by law.

Because service of process was not properly effectuated on the named individual defendant, this Court has no personal jurisdiction over Defendant. Pursuant to Rule 12(b)(5), failure to properly serve a defendant is grounds for dismissal. FED. R. CIV. P. 12(b)(5). *See also Paulsen v. Abbott Laboratories*, 368 F. Supp. 1152, 1163 (N.D. Ill. 2019) (citing *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004-05 (7th Cir. 2011) ("'A defendant may enforce the service of

process requirements through a pretrial motion to dismiss,' at which point the plaintiff 'bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service.'").

As such, an order quashing service of process is warranted due to Plaintiff's failure to serve Defendant with the Summons and Complaint. Furthermore, Plaintiff's Motion for Default (Doc. 33) should be stricken.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order quashing service of process, striking the Motion for Default, dismissing the Complaint for lack of personal jurisdiction, and granting any other and further relief deemed just and proper.

Dated: July 15, 2025

Respectfully submitted,

By: */s/ Kenn Brotman*
One of Defendant's Attorneys

Kenn Brotman
Molly G. Baldock
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
kenn.brotman@klgates.com
molly.baldock@klgates.com

*Attorneys for Bill Gates, Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that on July 15, 2025 the foregoing Memorandum of Law in Support of Defendant's Motion to Quash was filed with the Clerk of Court using the CM/ECF system which will send notice of the filing to all counsel of record.

*/s/ Kenn Brotman*