**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY J. HALPERN,<br><br>Plaintiff,<br><br>vs.<br><br>CHIQUITA BROOKS-LASURE, SAMANTHA POWER, GOLI SHEIKHOLESLAMI, XAVIER BECERRA, LLOYD J. AUSTIN III, ROBERT M. CALIFF, MIGUEL CARDONA, DENISE CARTER, KILOLO KIJAKAZI, MARTIN J. O'MALLEY, CAROLYN COLVIN, GEORGE SOROS, BILL GATES, DOES-100, AND OTHER NAMED DEFENDANTS IN THEIR PERSONAL CAPACITIES,<br><br>Defendants. | ) | Case No. 25-cv-03637 |

**DEFENDANT BILL GATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE OF PROCESS**

Defendant Bill Gates ("Mr. Gates" or "Defendant"), by and through undersigned counsel, in reply to Plaintiff's Opposition to Defendant Bill Gates' Motion to Quash Service of Process and to Strike Default Motion ("Response")(Doc. 41), and in further support of Gates' Motion to Quash Service of Process (Doc. 38), states as follows:

**INTRODUCTION**

*Pro se* Plaintiff fails to fulfill his burden to show proper service of process. Instead, he ignores the mandates of Federal Rule of Civil Procedure 4(e) and erroneously contends, without support, that leaving process at a place of business with a person not authorized to accept service is sufficient. In order to circumvent the fact that the process server improperly drop served someone not authorized to accept service on Mr. Gates' behalf, Plaintiff creates a new legal

construct – the "business abode" – apparently to suggest that service on the Gates Foundation is sufficient to serve Mr. Gates as an individual. This assertion is not only unsupported, it is directly contrary to Rule 4(e). Lastly, Plaintiff also argues that Defendant has waived his objection to service of process by not raising it within 120 days of the improper service. This assertion is also misplaced and Defendant properly raised the objection in his initial filing. Accordingly, the Court should quash service of process for failure to comply with Federal Rule of Civil Procedure 4(e) and dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(5).

## ARGUMENT

Plaintiff has the burden to prove that the defendant was properly served such that the Court obtained personal jurisdiction. *See Luxottica Group S.p.A. v. Partnerships and Unincorporated Assocs*., 391 F. Supp. 3d 816, 821 (N.D. Ill. 2019); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). However, rather than seeking to counter the only evidence before this Court, Plaintiff merely concludes, without substantiation, that process was received by Defendant's "agents." Response at 4. This leaves unrefuted both the affidavit of Katja Ellertson and the Declaration of Diligence from the process server. *See* Docs. 39-1 and 39-2; *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, n.1 (7th Cir. 2009) (the Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff."). Ms. Ellertson clearly asserts, under oath, that she is not authorized to accept service for Mr. Gates individually. *See* Affidavit of Katja Ellertson, Doc. 39-1 at p. 2, ¶6. This is further confirmed by the declaration of the process server, wherein she declares under penalty of perjury that Ms. Ellertson "was forced to reject the documents after noticing they were not for the foundation, but for Bill Gates himself." Doc. 39-2, at p. 2.

As asserted in Defendant's Memorandum in Support (Doc. 39), Federal Rule of Civil Procedure 4(e) is clear that service is made on an individual by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e). Because the evidence is unrefuted and clear that Ms. Ellertson is not an agent authorized to accept process on behalf of Mr. Gates, the purported service on Ms. Ellertson (which is the only effort to serve Defendant alleged in any submission) was improper, the matter should be dismissed pursuant to Rule 12(b)(5).

Implicitly acknowledging that his attempted service is unauthorized by the Rules of Civil Procedure, Plaintiff now argues that he served Defendant at his "business abode." Response at 5. Plaintiff invents this concept from whole cloth; no court has ever determined that a place of business, let alone the headquarters for a charitable foundation, is an individual's "business abode." In fact, it is not even clear what Plaintiff means by the use of this term as he offers no explanation other than to include a heading that says "Gates Foundation = Effective Business Abode." Under that heading he merely asserts, again without support or reference, that the location "functions as his operational center." Response at 5-6. These contentions do not provide any valid rationale for the failure to comply with Rule 4(e) or for the conferral of personal jurisdiction over Mr. Gates. Service should be quashed and the claims against Defendant dismissed pursuant to Rule 12(b)5).

Plaintiff also seems to contend that technical compliance with Rule 4 is not required as service of process was "reasonably calculated to notify Defendant." Response at 4. Actual notice, however, is insufficient to satisfy Rule 4's service requirements. *See Swaim v. Moltan Co*., 73 F.3d 711, 719 (7th Cir.1996) ("Valid service of process comprises more than actual notice; it requires a

legal basis for holding the defendant susceptible to service of the summons and complaint."). Valid service is a prerequisite to a district court's assertion of personal jurisdiction. *Id.* Because Plaintiff failed to obtain valid service of process this Court does not have jurisdiction over Defendant. Accordingly, service should be quashed and the claims against Mr. Gates dismissed pursuant to Rule 12(b)(5).

Plaintiff's final contention is that Defendant waived his objections to personal jurisdiction and service of process by waiting until after he learned that a motion for default was filed. Response at 6. However, a challenge to personal jurisdiction can be raised at anytime, even after the entry of default, so long as it is raised in the initial response to the litigation, as it was here. *See Philos Technologies, Inc. v. Philos & D., Inc.*, 645 F.3d 851 (7th Cir. 2011) (discussing the "risks and benefits" of the options of responding to a lawsuit with a challenge to personal jurisdiction versus ignoring the suit and relying on the right to collaterally attack any resultant default judgment); s*ee also Davis v. Carter*, 61 F. App'x 277 (7th Cir. 2003) (holding that Rule 12(h)(1)'s waiver principle is irrelevant as applied to parties who do not move to dismiss or answer the complaint, explaining that a party over whom the court lacks jurisdiction "retains the option of ignoring the proceedings and contesting jurisdiction later"). Defendants only waive personal jurisdiction if they fail to assert the defense in their first responsive pleading or by making substantive arguments without pressing the lack of jurisdiction argument. *Small v. Anchorage Homeowners Ass'n, LLC*, 2019 WL 1317636, *3 (S.D. Ind. March 21, 2019). In this Motion, his initial and only presentation of any substantive arguments, Mr. Gates asserts lack of personal jurisdiction as his first argument for dismissal under Rule 12. Accordingly, the argument is not waived and because there has not been proper service of a summons the Court lacks jurisdiction. Therefore, Plaintiff's claims should be dismissed.

There can be no dispute that Mr. Gates was not served personally nor was service made in compliance with any applicable rule or statute. Plaintiff's *pro se* status does not excuse failure to properly serve process under Rule 4. *See Gharb v. Rockwell Automation*, 2011 WL 5373989, *3, 11-cv-405 (N.D. Ill. Nov. 4, 2011), *citing Ostler v. Utah*, 2004 WL 1529271 (10th Cir. 2004) ("While we construe the complaints of *pro se* litigants liberally, 'a pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P 4.' ") and *United States v. Mollenhauer Labs., Inc.*, 267 F.2d 260, 262 (7th Cir. 1959) (noting that the liberal construction rule "cannot be utilized as a substitute for the plain legal requirements as to the manner in which service of process may be had"). Accordingly, Plaintiff's complaint should be dismissed for failure to properly serve process under Rule 4(e) and Rule 12(b)(5).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order quashing service of process and dismissing the Complaint for lack of personal jurisdiction, and granting any other and further relief deemed just and proper.

Dated: August 1, 2025

Respectfully submitted,

By: */s/ Kenn Brotman*
One of Defendant's Attorneys

Kenn Brotman
Molly G. Baldock
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
kenn.brotman@klgates.com
molly.baldock@klgates.com

*Attorneys for Bill Gates, Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on August 1, 2025 the foregoing Reply in Support of Defendant's Motion to Quash was filed with the Clerk of Court using the CM/ECF system which will send notice of the filing to all counsel of record or parties who have appeared.

*/s/ Kenn Brotman*