IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY J. HALPERN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25-cv-3637** |
| v. | ) | |
| | ) | **Judge Jeffrey I. Cummings** |
| **BROOKS-LASURE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

      The Court has reviewed plaintiff's and defendant Sheikholeslami's responses [53] [55] to the Court's order [52] requesting the parties to show cause as to why this matter should not be transferred to the Western Division of the Northern District of Illinois. In his response [53], plaintiff states that he "maintained a residence in Lake County" at the time he filed this case in Lake County Circuit Court. Although this statement raises more questions than answers (given plaintiff's listed address as McHenry County in his complaint), within its discretion and based on plaintiff's representation, the Court declines to transfer this case to the Western Division. However, for the reasons set forth below, this case is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff is granted until February 6, 2026 to file an amended complaint solely to the extent he can do so consistent with this Order and the dictates of Federal Rule of Civil Procedure 11. If plaintiff fails to file an amended complaint on or before this date, the case will be closed without further notice. In light of this Order, plaintiff's motion to remand [9], motion for leave to file amended complaint [11], motion for sanctions [17], motion for jurisdictional discovery [20], motions for default [28], [30], [32], [58], motion to compel [49], and motion for ruling [57], and defendants' motion to dismiss [16], and motion to quash [38], are denied as moot. The previously set 12/1/25 tracking status hearing is stricken and reset to 2/27/26 at 9:00 a.m. (to track the case only, no appearance is required).

## STATEMENT

      Plaintiff, Gregory J. Halpern initiated this action on February 14, 2025, in Lake County Circuit Court against thirteen defendants, namely: Bill Gates, Goli Sheikholeslami (the CEO of Politco), George Soros (founder of the Open Society Foundation), and a number of former United States Officers, including three former Social Security Commissioners (Kilolo Kijakazi, Martin J. O'Malley, and Carolyn Colvin), former FDA Commissioner Robert M. Califf, former administrator of the Centers for Medicare & Medicaid Services Chiquita Brooks-LaSure, former administrator of USAID Samantha Power, former Secretary of Defense Lloyd J. Austin III, former Secretary of Health and Human Services Xavier Becerra, and Miguel Cardona and Denise Carter, both former Secretaries of Education. According to plaintiff, defendants engaged in a "sustained pattern of fraudulent activities, including taxpayer fund redirection, slush fund

operations, media collusion, media weaponization, and financial coercion." (*Id*. at 8). Plaintiff includes a laundry list of alleged fraudulent disbursements ranging from "$20 million spent on a Sesame Street show in Iraq via USAID" to "$40 million to build schools in Jordan" to "11 million to tell Vietnam to stop burning trash," among many others. (*Id*. at 6–8). Plaintiff purports to bring claims for violation of the False Claims Act, gross negligence, breach of fiduciary duty, conspiracy to defraud the U.S. Government, theft and conversion of public funds, intentional infliction of emotional distress, and RICO violations.

Defendant Sheikholeslami removed this case to this Court and later filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). Plaintiff filed a motion to remand, among many other motions, and defendant Gates later appeared and moved to quash service.[1] Notwithstanding the pendency of these motions, the Court begins, as it must, with subject matter jurisdiction and, in particular, standing. *See Walker v. Dart,* No. 20-CV-261, 2025 WL 2624577, at *2 (N.D.Ill. Sept. 11, 2025) ("[S]tanding is a jurisdictional defect that the Court must address *sua sponte* where necessary.") (citing *Freedom From Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008)).

Standing "'is a threshold question in every federal case because if litigants do not have standing to raise their claims the court is without authority to consider the merits of the action.'" *Ill. Conservative Union v. Illinois*, No. 20 CV 5542, 2021 WL 2206159, at *3 (N.D.Ill. June 1, 2021), *quoting Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016). This is so because "Article III of the Constitution limits federal judicial power to certain 'cases' and 'controversies,' and the 'irreducible constitutional minimum' of standing contains three elements." *Silha v. ACT, Inc.*, 807 F.3d 169, 172–73 (7th Cir. 2015), *quoting Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559-60 (1992). In particular, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000); *Silha*, 807 F.3d at 173. As to the first prong, an "injury is particularized if it affects the plaintiff in a personal and individual way [and it] is concrete if it is real, not abstract." *Halpern v. Roberts*, No. 3:25-CV-50398, 2025 WL 3677271, at *2 (N.D.Ill. Dec. 18, 2025) (cleaned up). Although a plaintiff need not *prove* standing at the pleading stage, he must allege facts sufficient to plausibly allege standing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896–97 (7th Cir. 2018) (emphasis added).

Here, plaintiff has failed to allege facts sufficient to plausibly allege he has standing. Indeed, plaintiff's only averment as to standing is that, "as a taxpayer for over 50 years," he has "standing as a direct financial contributor to the U.S. government whose tax funds were misallocated and have now been publicly disclosed as fraudulent disbursements." (Dckt. #1-2 at 4). However, "the mere fact that a plaintiff is a taxpayer is not generally deemed sufficient to establish standing in federal court." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 130 (2011); *see also Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 632 (7th Cir. 2001) ("It is

---

[1] To date, no other defendants have appeared. Contrary to plaintiff's repeated assertions, however, it is questionable if all defendants have been properly served as required by the Federal Rules of Civil Procedure.

axiomatic that being a citizen or taxpayer . . . ,without more, is not a sufficient injury in fact to create standing for the taxpayer to seek redress"). Moreover, plaintiff himself alleges that defendants "engaged in collusion to deliberately misallocate funds in ways that were outrageously harmful and damaging *to American taxpayers*," and not specifically to him. (Dckt. #1-2 at 9). Because plaintiff asserts "only a generalized injury shared by all taxpayers[,]" he has "not met the irreducible constitutional minimum requirements for standing in federal court" and this Court lacks subject matter jurisdiction. *Rifkin*, 248 F.3d at 632.

"Generally, a matter removed to federal court from state court that is subsequently dismissed for lack of subject-matter jurisdiction must be remanded to state court." *Halpern*, 2025 WL 3677271, at *2 (citing 28 U.S.C. §1447(c)). However, where, as here, the named former United States Officers would appear to have the right to removal under the federal officer removal statute, 28 U.S.C. §1442, remand would be "circular and futile" and "dismissal is appropriate." *Halpern*, 2025 WL 3677271, at *2 (citing *Porch-Clark v. Englehart*, 930 F.Supp.2d 928, 938 (N.D.Ill. 2013), aff'd 547 Fed.Appx. 782 (7th Cir. 2013) and *Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 835 n. 4 (7th Cir. 2025)).[2]

For all of these reasons, this case is dismissed without prejudice. Plaintiff is granted until February 6, 2026 to file an amended complaint solely to the extent he can do so consistent with this Order and the dictates of Federal Rule of Civil Procedure 11.[3] If plaintiff fails to file an amended complaint on or before this date, this case will be closed without further notice.

**Date: January 16, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[2] The Court is cognizant that the Eleventh Circuit recently ruled, for the first time "in the 190-year history of the federal-officer removal statute," that the removal statute applies only to current and not *former* federal officers, such as some of the named defendants here. *See State v. Meadows*, 88 F.4th 1331, 1342 (11th Cir. 2023). But the Eleventh Circuit's ruling is not binding on this Court, and, notably, a number of courts have reached the opposite result both before and after *Meadows*. *See, e.g.*, *New York v. Trump*, 683 F.Supp.3d 334, 343 (S.D.N.Y. 2023) ("The parties assume, and I hold, that Trump, although not presently a federal officer, can remove a case otherwise qualified for removal. It would make little sense if this were not the rule, for the very purpose of the Removal Statute is to allow federal courts to adjudicate challenges to acts done under color of federal authority."); *Palermo v. Eagle, Inc.*, No. CV 23-5425, 2025 WL 2774832, at *2 (E.D.La. Sept. 30, 2025) (declining to adopt *Meadows* "[w]ithout more explicit direction from the Fifth Circuit").

[3] The Court notes that the proposed amended complaint attached to plaintiff's motion for leave to file an amended complaint, (Dckt. #11), does *not* meet the requirements of this Order.